1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11   ADRIENNE L. COLBERT,                    )   Case No.: 1:14-cv-01626 - LJO - JLT
                                             )
12              Plaintiff,                   )   ORDER GRANTING PLAINTIFF'S MOTION TO
                                             )   PROCEED IN FORMA PAUPERIS AND
13        v.                                 )   DISMISSING THE COMPLAINT WITH LEAVE
                                             )   TO AMEND
14   SAGE POINT LENDER SERVICES, LLC,        )
     et al.,                                 )
15                                           )   ORDER DIRECTING THE CLERK TO
                Defendants.                  )   TERMINATE DEFENDANT'S MOTION TO
16                                           )   DISMISS AS MOOT
                                             )
17   _____)

18        Plaintiff Adrienne Colbert initiated this action by filing a complaint against Sage Point Lender

19   Services, LLC and Ocwen Loan Servicing, LLC, asserting the companies are liable for foreclosure

20   procedures that violated federal and state laws.  For the following reasons, Plaintiff's motion to proceed

21   *in forma pauperis* is **GRANTED**.  However, because Plaintiff fails to allege facts sufficient to support

22   the claims for relief, her complaint is **DISMISSED** with leave to amend.

23   **I.      Motion to Proceed In Forma Pauperis**

24        As a general rule, all parties instituting any civil action, suit or proceeding in a United States

25   District Court must pay a filing fee.  28 U.S.C. § 1914(a).  However, the Court may authorize the

26   commencement of an action "without prepayment of fees and costs of security therefor, by a person

27   who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."   28

28   U.S.C. § 1915(a)(1).  Therefore, an action may proceed despite a failure to prepay the filing fee only if

1

leave to proceed *in forma pauperis* ("IFP") is granted by the Court.  *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).  The Court has reviewed the application and finds Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a).  Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

## II.    Screening Requirementx

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2).  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.    Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and … a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d

266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2).  Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)).  However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV.    Factual Allegations

Plaintiff alleges she is the owner of a real property commonly referred to as 1011 Laurel Park Avenue in Bakersfield, California.  (Doc. 1 at 1.) Plaintiff asserts that she received a notice of trustee sale on the property dated September 24, 2014, indicating a sale was scheduled for October 21, 2014. (*Id.* at 5.)  Plaintiff alleges Defendant Ocwen Loan Servicing, LLC ("Ocwen") "demanded a payment to pay the entire balance" of her loan, despite the fact that Ocwen "is not a party to the trust deed or note or any assignee thereby and has no legal interest in the plaintiff's property."  (*Id.* at 2.)  Further, Plaintiff asserts the defendants "failed to meet the notice requirements," and "the foreclosing party was not the holder of the note and mortgage or trust deed." (*Id.* at 5.)  According to Plaintiff, Defendants "threatened to sue[] the Plaintiff without any intention of doing so," "threated to garnish their wages," and "failed to provide the Plaintiff with validation of debt within five business days." (*Id.* at 9.)  Thus, Plaintiff asserts the defendants have taken "actions to intimidate the plaintiff."  (*Id.*)

3

Based upon the facts alleged, Plaintiff asserts Defendants are in violation of the Fair Debt Collection Practices Act, California's Rosenthal Fair Debt Collection Practices Act, disclosure requirements of the Real Estate and Settlement Procedures Act, the Truth in Lending Act, and the California Homeowner Bill of Rights Act.  (Doc. 1 at 6, 8-12, 16-18.)  Further, Plaintiff seeks to set aside or vacate the foreclosure sale, and state a claim for replevin.  (*Id.* at 13-16.)

## V.    Discussion and Analysis

### A.    Tender and Standing

As an initial matter, is not clear that Plaintiff has standing to proceed on claims premised upon a wrongful foreclosure—such as the claim to set aside or vacate the foreclosure sale—because Plaintiff has not alleged tender.  A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 580 (1984) (internal citations and quotations omitted).  "A tender must be one of full performance . . . and must be unconditional to be valid." *Id.*

Under California law, the "tender rule" requires that an action to set aside a sale "for irregularities in sale notice or procedure" must be "accompanied by an offer to pay the full amount of the debt for which the property was security." *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984) (citing *Karlsen v. American Savings and Loan Association*, 15 Cal.App.3d 112, 117 (1971)).  Thus, any "cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender." *Id.* at 589. (citing Karlsen, 15 Cal.3d at 121.) The Third District Court of Appeal explained:

> [G]enerally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." . . . . This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed. . . . "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs.

*FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021(1989) (citations omitted). The "tender rule" is meant to prevent courts "from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the

property." *Keen v. Am. Home Mortg. Servicing, Inc.*, 664 F. Supp. 2d 1086, 1101 (E.D. Cal. 2009).

"The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Savings & Loan Assoc.*, 200 Cal.App.3d 1154, 1165 (1988). Because Plaintiff fails to allege tender, the claim to set aside the sale or vacate the foreclosure sale fails. *See Karlsen*, 15 Cal.App.3d at 117; *United States Cold Storage v. Great Western Savings & Loan Assn.*, 165 Cal.App.3d 1214, 1224 (1985) ("It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property").

Moreover, Plaintiff lacks standing to challenge the assignments because, as a borrower, she was not a party to the assignments, and the assignments were not made for her benefit. *See Jenkins*, 216 Cal.App.4th at 515; *see also Fontenot v. Wells Fargo Bank.*, 198 Cal.App.4th 256, 272-73 (2011) (stating the borrower had no cause of action for irregularities in the assignment process); *Gieseke v. Bank of Am., N.A.*, 2014 WL 718463, at *5 (N.D. Cal. Feb. 23, 2014) (holding the plaintiff's claims for wrongful disclosure, quiet title, slander of title, and cancellation of instruments could be dismissed for lack of standing because the plaintiff was a third-party borrower). Consequently, Plaintiff lacks standing to proceed on causes of action premised on irregularities in the assignment and securitization of the loan, and Plaintiff's claim to set aside or vacate the foreclosure sale is **DISMISSED**.

### B.    Violations of the Fair Debt Collection Practices Act and Rosenthal Act

Under the provisions of the Fair Debt Collection Practices Act ("FDCPA"), debt collectors are prohibited "from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), "like its federal counterpart, is designed to protect consumers from unfair and abusive debt collection practices." *Robinson v. Managed Accounts Receivable Corp.*, 654 F.Supp.2d 1051, 1060 (C.D. Cal. 2009) (citing Cal. Civ. Code § 1788.1). The provisions of FDCPA are incorporated into the

Rosenthal Act under Cal. Civ. Code § 1788.17.  Consequently, conduct by a debt collector that violates the FDCPA violates Rosenthal Act as well.  *See Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104, 1118 (C.D. Cal. 2005); *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 548 (N.D. Cal. 2005).

To establish a violation of the FDCPA and the Rosenthal Act, Plaintiff must allege: (1) she was a consumer (2) who was the object of a collection activity arising from a consumer debt, and (3) the defendant is a "debt collector," (4) who engaged in an act or omission prohibited by the FDCPA or Rosenthal Act. *Miranda v. Law Office of D. Scott Carruthers*, 2011 WL 2037556, at *4 (E.D. Cal. May 23, 2011) (citing *Turner v. Cook*, 362 F.3d 1219, 1227-28 (9th Cir. 2004)).  Here, Plaintiff alleges Defendants' actions constituted violations of the fair debt collection acts.  (*See* Doc.1 at 9-10, 17-18.)

### 1.    FDCPA

Notably, it is not clear that Defendants meet the statutory definition of "debt collector" or were engaged in "debt collection activity."  The FDCPA defines the term "debt collector" as including: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6).  To adequately plead this claim, a plaintiff must allege specific facts showing that a defendant is a "debt collector" within the meaning of the statute. *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013).  However, Plaintiff fails to allege facts sufficient to support a determination that Defendants are debt collectors.  Moreover, it appears Plaintiff is unable to meet this burden because the FDCPA does not apply to actions taken in nonjudicial foreclosures.  *See Usher v. Chase Home Fin. LLC,* 2010 WL 4008496, *4 (E.D. Cal. 2010) (action taken in foreclosure "does not constitute collection of a debt within the meaning of the FDCPA"); *Arostegui v. Bank of Am.*, 2014 WL 1230762, at *6 (N.D. Cal. Mar. 21, 2014) (same).  Therefore, Plaintiff's claim for a violation of the FDCPA is **DISMISSED**.

### 2.    Rosenthal Act

The Rosenthal Act definition of "debt collector" "broader than that contained in the FDCPA." *Izenberg v. ETS Servs., LLC*, 589 F. Supp.2d 1193, 1199 (C.D. Cal. 2008).  Under the Rosenthal Act, a "debt collector" is defined as "any person who, in the ordinary course of business, regularly, on behalf

of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c). "Thus, a mortgage servicer may be a 'debt collector' under the Rosenthal Act even if it is the original lender, whereas, such an entity would be excluded from the definition of debt collector under the federal act." *Reyes v. Wells Fargo Bank, N.A.*, 2011 WL 30759, at \*19 (N.D. Cal. Jan. 3, 2011).

Here, Plaintiff alleges Defendants violated the Rosenthal Act by "misrepresenting the status of the debt;" "using unfair and unconscionable means to collect or attempt to collect a debt;" and "using deceptive means to collect or attempt to collect a debt from the plaintiff."  (Doc. 1 at 18.)  These general allegations are legal conclusions, and are insufficient to give Defendants fair notice of the wrongful acts.   For example, Plaintiff fails to allege which Defendant contacted her and when, who falsely stated the amount of debt and when, how the debt was increased, or what "unfair and unconscionable means" were used in the course of debt collection.  *See Jacobsen v. Balboa Arms Drive Trust*, 2011 WL 3328487 (S.D. Cal. Aug. 1, 2011) (finding the same allegations as those alleged here were "vague" and did not meet the minimal pleading standards of Rule 8).

Moreover, to the extent Plaintiff alleges fraudulent activity by misrepresentation of a debt, the allegations are insufficient to meet the pleading standards of Rule 9(b), which requires a plaintiff to state "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  In other words, the plaintiff must articulate the "who, what, when, where, and how" of the fraud alleged.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009).  Because Plaintiff's claims a violation of the Rosenthal Act is based upon alleged fraudulent conduct, the standards of Rule 9(b) are applicable.  *See e.g., Smith v. Bank of Am. Corp.*, 485 Fed. Appx. 749 (6th Cir. 2012) (applying Rule 9(b) where the plaintiffs alleged the defendant "committed fraud, in one form or another, leading up to the foreclosure proceeding"). Accordingly, Plaintiff's claim for a violation of the Rosenthal Act is **DISMISSED** with leave to amend.

C.     **Real Estate and Settlement Procedures Act ("RESPA")**

RESPA imposes a duty upon loan servicers to respond to "qualified written requests" within a certain time frame. 12 U.S.C. § 2605(e).  "Qualified written requests" are written inquiries that include "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."

*Id.*, § 2605(e)(1)(B)(ii).  Such written requests must relate to the servicing of the loan; inquiries regarding the validity of the loan are not subject to RESPA.  *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666-67 (9th Cir. 2012).  A claimant is able to recover "actual damages to the borrower as a result of the failure" to comply with any provision of RESPA.  12 U.S.C. § 2605(f)(1)(A).

Here, Plaintiff alleges that she made "requests for the identity of the creditors of Plaintiff's mortgage loans."  (Doc. 1 at 11.)  However, Plaintiff does not allege how the inquiries were made or the information she provided to Defendants, such that the Court may conclude the inquiries were "qualified written requests" under RESPA.  Furthermore, Plaintiff has not alleged any pecuniary loss resulting from Defendants' failure to respond to any inquiries.  As a result, Plaintiff is unable to state a claim under RESPA.  *See Lal v. American Home Servicing, Inc.*, 680 F.Supp.2d 1218, 1223 (E.D. Cal. 2010) (finding a borrower may not recover damages for non-pecuniary losses under RESPA); *Allen v. United Financial Mortgage Corp.*, 660 F.Supp.2d 1089, 1097 (N.D. Cal. 2009) (dismissing a RESPA claim with prejudice where the plaintiff alleged only harm as a result of the foreclosure and did not allege facts showing "the alleged RESPA violations caused any kind of pecuniary loss").  Because Plaintiff alleges damages arising from the foreclosure, and does not identify any damages as a result of the alleged RESPA violations, the RESPA claim is **DISMISSED**.

### D.    California's Homeowner Bill of Rights

The Homeowner Bill of Rights, which took effect January 1, 2013, reformed aspects of the state's nonjudicial foreclosure process by amending the California Civil Code to prohibit deceptive and abusive home foreclosure practices.  *See Flores v. Nationstar Mortgage LLC*, 2014 WL 304766 at *3 (C.D. Cal. Jan. 6, 2014).  Plaintiff asserts Defendants are liable for violations of the Homeowner Bill of Rights because they "recorded a notice of default along with other public records and initiated a foreclosure process" without verifying the documents; Defendants "failed to review competent and reliable evidence substantiating a borrower's default and the right to foreclose;" and "robo-signed" the affidavits filed in support of the default.  (Doc. 1 at 16-17.)

Under the Homeowner Bill of Rights, any declaration recorded pursuant to Cal. Civ. Code §2923.5 must "be accurate and complete and supported by competent and reliable evidence."  *Id.*, § 2934.17(a).  Further, "a mortgage servicer shall ensure that it has reviewed competent and reliable

evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." *Id.* § 2924.17(b).  The failure to conduct such review before signing is known as "robo-signing." *Michael J. Weber Living Trust v. Wells Fargo Bank, N.A.*, 2013 WL 1196959, at *4 (N.D. Cal. Mar. 25, 2013).  A borrower may bring a cause of action for injunctive relief based on robo-signing allegations prior to foreclosure sale.  Cal. Civ. Code § 2924.12(a).  To state a cognizable claim, Plaintiff must plead "(1) a material violation of one of the enumerated code sections; (2) by a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent; (3) that causes actual economic damages." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1149 (N.D. Cal. Sept. 25, 2013).

Although Plaintiff asserts Defendants are liable for robo-signing the documents recorded in support of foreclosure, she does not make any factual allegations supporting to this claim.  Plaintiff asserts the affidavits were "written by unknown attorneys and placed in front of these employees to sign in front of a notary," and the documents were signed by individuals who had "no personal knowledge or competence of the statements therein."  (Doc. 1 at 17.)  However, there is no factual support for Plaintiff's conclusion that the individuals lacked personal knowledge nor does she allege that these employees lacked the authority to sign the documents; without these factual allegations, the claim fails.  *See, e.g., Sohal v. Federal Home Loan Mortg. Corp.*, 2011 WL 3842195 at *5 (N.D. Cal. Aug. 30, 2011) (granting motion to dismiss in part because "Plaintiffs [did] not allege[] facts setting forth the basis on which they [were] informed and believe [the robosigning] allegations [were] true").

Moreover, Plaintiff makes no factual allegations setting forth how a violation of the code sections caused harm.  Plaintiff must allege actual economic harm to state a claim pursuant to Cal. Civ. Code § 2924.12(a).  The Court cannot assume Plaintiff suffered actual damages from the violations of the Homeowners Bill of Rights.  *See Heflebower v. JPMorgan Chase Bank, NA*, 2014 WL 897352 (E.D. Cal. Mar. 6, 2014) (a plaintiff "must allege actual economic harm" to state a claim under § 2924.12)  Consequently, Plaintiff's claim for violations of the Homeowner Bill of Rights **is DISMISSED**.

### E.    Requests for Relief Characterized as Causes of Action

Plaintiff asserts "claims" to set aside or vacate sale (count five) and for replevin (count six).

However, these are remedies, not independent claims.[1]  *See Capodiece v. Wells Fargo Bank*, 2013 WL 1962310 at *7 (N.D. Cal. May 10, 2013) (noting the plaintiffs' requests for injunctive relief and for an order setting aside the trustee's sale "cannot be independent claims [because] they are types of remedies"); *Adler v. Taylor*, 2005 WL 465811 at *3 (C.D. Cal. Feb. 2, 2005) (explaining replevin is a common law remedy through which a plaintiff may "Recover both personal property and incidental damages").  Accordingly, these "claims" are **DISMISSED**.

## VI.    Conclusion and Order

Plaintiff lacks standing to proceed on claims premised upon a wrongful foreclosure, because Plaintiff has not alleged tender.  Further, Plaintiff has not alleged facts sufficient to support the claims presented.  The Court will provide Plaintiff with **one** opportunity to file an amended complaint that sets forth facts sufficient to support the claims.  *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment").  The amended complaint must reference the docket number of assigned to this case and must be labeled "First Amended Complaint."

Plaintiff is advised that the Court cannot refer to a prior pleading in order to make an amended complaint complete, because an amended complaint supersedes the original complaint.  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  The amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  Thus, once Plaintiff files an amended complaint, Plaintiff's original complaint will not serve any function in the case.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 644 F2d 811, 814 (9th Cir. 1981)); *accord. Forsyth*, 114 F.3d at 1474.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1.      Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **GRANTED**;

2.      Plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND;**

---

[1]  Indeed, California Code of Civil Procedure 512.010 sets forth the procedure for a plaintiff to seek an application for a writ of possession of the wrongfully withheld property.

3.      Within twenty-one days from the date of service of this order, Plaintiff **SHALL** file an amended complaint curing the deficiencies identified by the Court in this order;

4.      Plaintiff's motion to amend the complaint (Doc. 10) is **DENIED** as **MOOT**;

5.      Defendants' motion to dismiss (Doc. 7) is **DISREGARDED** as **MOOT**; and

6.      **If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **December 29, 2014**            **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

11