UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE L. COLBERT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAGE POINT LENDER SERVICES, LLC, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-01626 - LJO - JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION |

Plaintiff Adrienne Colbert seeks to proceed in an action against Sage Point Lender Services, LLC; Ocwen Loan Servicing, LLC; Federal National Mortgage Association, commonly known as "Fannie Mae;" and JP Morgan Chase Bank, N.A. (Doc. 16.) Plaintiff asserts the companies are liable for foreclosure procedures that violated the Fair Debt Collection Practices Act and Real Estate and Settlement Procedures Act. Because Plaintiff fails to allege facts sufficient to support his claims, and it does not appear that the deficiencies may be cured by further amendment, it is recommended that the action be **DISMISSED**.

I. **Screening Requirement**

When, as here, a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28

1

U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

The Court must screen Plaintiff's Amended Complaint because the amendment supersedes the previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II.   Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and … a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, the court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*  Leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.    Factual Allegations

Plaintiff alleges he is the owner of a real property commonly referred to as 1011 Laurel Park Avenue in Bakersfield, California.  (Doc. 1 at 1.)  Plaintiff asserts that he received a notice of trustee sale on the property dated September 24, 2014, indicating a sale was scheduled for October 21, 2014.  (*Id.* at 5.)

Plaintiff alleges the defendants began the foreclosure process without being "the holder of any instrument" and without "rights under any deed of trust pertaining to the plaintiff's property."  (Doc. 16 at 2-3.)  According to Plaintiff, the defendants "do[] not have a secured interest in the plaintiff's property yet [are] under undertaking the collection of a secured debt as if [they] had a secured interest . . ." (*Id.* at 2, 4, 6, 8, 11.)  Further, Plaintiff asserts the defendants "threatened to sue the Plaintiff without any intention of doing so," "threated to garnish [his] wages," and "failed to provide the Plaintiff with validation of debt within five business days of contacting him."  (*Id.* at 2, 4, 11-12, 16.)  Thus, Plaintiff asserts the defendants have taken "actions to intimidate the plaintiff[]." (*Id.* at 2, 5, 12, 16.)

Based upon the facts alleged, Plaintiff asserts all the defendants are in violation of the Fair Debt Collection Practices Act, and the disclosure requirements of the Real Estate and Settlement Procedures Act.  (*See generally* Doc. 16 at 1-25.)  Further, Plaintiff seeks to state a claim for replevin against Defendant Fannie Mae.  (*Id.* at 25-26.)

### IV.    Discussion and Analysis

####    A.    Violations of the Fair Debt Collection Practices Act

Under the provisions of the Fair Debt Collection Practices Act ("FDCPA"), debt collectors are prohibited "from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010).  To establish a violation of the FDCPA, Plaintiff must allege: (1) he

3

was a consumer (2) who was the object of a collection activity arising from a consumer debt, and (3) the defendant is a "debt collector," (4) who engaged in an act or omission prohibited by the FDCPA. *Miranda v. Law Office of D. Scott Carruthers*, 2011 WL 2037556, at *4 (E.D. Cal. May 23, 2011) (citing *Turner v. Cook*, 362 F.3d 1219, 1227-28 (9th Cir. 2004)).

Notably, it is not clear that Defendants meet the statutory definition of "debt collector" or were engaged in "debt collection activity." The FDCPA defines the term "debt collector" as including: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6). To adequately plead a violation of the FDCPA, a plaintiff must allege specific facts showing that a defendant is a "debt collector" within the meaning of the statute. *Schlegel v. Wells Fargo Bank*, NA, 720 F.3d 1204, 1208 (9th Cir. 2013). However, Plaintiff fails to allege facts sufficient to support a determination that Defendants are debt collectors.

Even assuming Defendants are debt collectors for purposes of the FDCPA, the FDCPA does not apply to actions taken in nonjudicial foreclosures. *See Usher v. Chase Home Fin. LLC,* 2010 WL 4008496, *4 (E.D. Cal. 2010) (action taken in foreclosure "does not constitute collection of a debt within the meaning of the FDCPA"); *Arostegui v. Bank of Am.*, 2014 WL 1230762, at *6 (N.D. Cal. Mar. 21, 2014) (same). Therefore, it is recommended that Plaintiff's claims for violations of the FDCPA (Count I, Count II, Count V, Count VII, and Count IX) be **DISMISSED**.

**B.    Real Estate and Settlement Procedures Act ("RESPA")**

RESPA imposes a duty upon loan servicers to respond to "qualified written requests" within a certain time frame. 12 U.S.C. § 2605(e). "Qualified written requests" are written inquiries that include "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." *Id.*, § 2605(e)(1)(B)(ii). Such written requests must relate to the servicing of the loan; inquiries regarding the validity of the loan are not subject to RESPA. *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666-67 (9th Cir. 2012). A claimant is able to recover "actual damages to the borrower as a result of the failure" to comply with any provision of RESPA. 12 U.S.C. § 2605(f)(1)(A).

Here, Plaintiff alleges he made "requests for the identity of the creditors of Plaintiff's mortgage loans." (Doc. 16 at 6.) Again, Plaintiff does not allege how the inquiries were made or the information he provided to Defendants, such that the Court may conclude the inquiries were "qualified written requests" under RESPA.[1] Furthermore, Plaintiff has not alleged any pecuniary loss resulting from Defendants' failure to respond to any inquiries. As a result, Plaintiff is unable to state a claim under RESPA. *See Lal v. American Home Servicing, Inc.*, 680 F.Supp.2d 1218, 1223 (E.D. Cal. 2010) (finding a borrower may not recover damages for non-pecuniary losses under RESPA); *Allen v. United Financial Mortgage Corp.*, 660 F.Supp.2d 1089, 1097 (N.D. Cal. 2009) (dismissing a RESPA claim with prejudice where the plaintiff alleged only harm as a result of the foreclosure and did not allege facts showing "the alleged RESPA violations caused any kind of pecuniary loss"). Because Plaintiff alleges damages arising from the foreclosure, and does not identify any damages as a result of the alleged RESPA violations, it is recommended that Plaintiff's claims for violations of the RESPA (Count III, Count IV, Count VI, Count VII, and Count X) be **DISMISSED**.

### C. Request for Relief Characterized as Causes of Action

Plaintiff asserts a "claim" for replevin against Fannie Mae. (Doc. 16 at 25.) However, this is a remedy, not an independent claim. *See Adler v. Taylor*, 2005 WL 465811 at *3 (C.D. Cal. Feb. 2, 2005) (explaining replevin is a common law remedy through which a plaintiff may "recover both personal property and incidental damages"). Accordingly, it is recommended that Plaintiff's claim for replevin (Count XIII) be **DISMISSED**.

## V. Findings and Recommendations

Plaintiff has not alleged facts sufficient to support the claims presented. Further leave to amend would be futile, because the FDCPA does not apply to actions taken in nonjudicial foreclosures and Plaintiff has not alleged damages under the RESPA.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's amended complaint (Doc. 16) be **DISMISSED;** and

---

[1] Plaintiff alleges he made a "Qualified Written Request" the defendants. (Doc. 16 at 8, 10, 15, and 20.) However, this is a legal conclusion, which is not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679. Previously, the Court explained that he must allege *facts* that are sufficient for the Court to make this determination. (*See* Doc. 13 at 8, 10.)

5

    2.    The Clerk of Court be DIRECTED to close this matter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **February 24, 2015**           **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE